## ELIZABETH COX *vs.* JOSEPH JACKSON.

The admission of various papers filed in a case in insolvency, which are read as part of the record of the case, in order to contradict material testimony of the debtor as a witness, is no ground for a new trial, if the bill of exceptions does not show the nature of the objection made thereto.

A merely colorable sale of personal property, made with the intention that the title should not be transferred in reality, but only in appearance, conveys no title whatever to the apparent purchaser.

TORT for the conversion of a mare.

At the trial in the superior court, before *Vose,* J., the plaintiff claimed title under a bill of sale executed to her on the 10th of January 1861 by her son George P. Cox; and both of them testified that it was a *bona fide* sale, for a valuable consideration. The defendant justified the taking under a writ against Henry A. Waitt, committed to him as a constable for service.

On cross-examination, George P. Cox admitted that on the 4th of January 1862 he instituted proceedings in insolvency, and identified the petition, schedule of assets, proof of claims by the plaintiff, and by Joseph H. Waitt, and the votes for assignees, and testified in relation to his dealings with the plaintiff and with Joseph H. Waitt. The defendant then introduced evidence tending to show that the sale to the plaintiff was merely colorable, and that George P. Cox afterwards caused the mare to be sold to Henry A. Waitt, before the attachment by the defendant; and he was also allowed to read to the jury the above enumerated papers, to contradict George P. Cox upon a material matter, to the admission of each one of which the plaintiff objected.

The judge instructed the jury that, if the transaction between the plaintiff and her son was merely colorable, and they adopted

the form of a sale merely to cover up the property from creditors, and did not intend thereby that any title should pass to the plaintiff, and no consideration was paid, and George P. Cox afterwards caused the mare to be sold to Henry A. Waitt as his property, the mare was liable to attachment as property of said Waitt.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*I. W. Richardson & M. Stevens*, for the plaintiff.

*J. Q. A. Griffin*, for the defendant.

CHAPMAN, J. The only question presented by the bill of exceptions in regard to the record of the proceedings in insolvency in the case of George P. Cox is, whether it was admissible to contradict and control his evidence in a material point, he having testified as a witness for the plaintiff. If any portion of it had no tendency to do this, the particular objection should have been stated. So far as it had such tendency it was admissible by the elementary rules of evidence, because the papers contained the written statements of Cox on matters concerning which he was interrogated at the trial.

Under the instructions respecting the sale of the mare by George P. Cox to the plaintiff, the jury could not have found for the defendant without finding that there was no real sale, even as between the parties; but that the transaction was merely colorable. If such were the case, the plaintiff never had any title as against any person; and on this point the burden of proof would remain on her throughout the whole trial. This is too obvious to need discussion. The instructions as to a sale actually made, but with intent to defraud creditors, were sufficiently favorable to the plaintiff. *Exceptions overruled.*